UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA MAURO and<br>KELLY MAURO,<br>    Plaintiffs,<br><br>    v.<br><br>SYSTEM ONE HOLDINGS, LLC,<br>    Defendant | C.A. No. 13-10233-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                June 9, 2014

For the reasons explained in detail at the March 3, 2014 hearing, the court allowed defendant System One Holdings, LLC's ("System One") Motion to Dismiss the Plaintiffs' Amended Complaint. Counts I, II, III, and IV were dismissed with prejudice because they were state-law claims that were preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et. seq. Count V was dismissed without prejudice to refiling if and when plaintiffs exhaust their administrative remedies.

On March 10, 2014, plaintiffs filed a Motion to Reconsider Order of Dismissal (the "Motion"). Plaintiffs request that the court reconsider the dismissal of their state-law claims. Plaintiffs contend that their state-law claims are not preempted by ERISA because they do not affect the administration of an insurance plan. See Mot. to Reconsider at 1. On March 24, 2014, System One filed an Opposition to the Motion. For the reasons stated below, the Motion is not meritorious and is being denied.

"Ruling on a motion for reconsideration requires a court to 'balance the need for finality against the duty to render just decisions.'" Galanis v. Szulik, 863 F. Supp. 2d 123, 124 (D. Mass. 2012) (quoting Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass. 2000)). To obtain relief on a motion for reconsideration, the movant must demonstrate that: (1) newly discovered evidence that was not previously available has come to light; (2) there has been an intervening change in the law; or (3) the earlier decision was based on a manifest error of law or was clearly unjust. See Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006). The granting of a motion for reconsideration is "an extraordinary remedy which should be used sparingly." Id.

Plaintiffs do not assert that there has been any intervening change in the law. Plaintiffs have also not identified any manifest errors of law or claimed that the decision was unjust. The documents filed by plaintiffs as Exhibits to the motion to reconsider do not constitute "newly discovered evidence," as plaintiffs do not assert that the documents were not previously available. Id. Therefore, plaintiffs have not provided a proper basis for reconsideration.

In Palmer, the First Circuit cautioned that a motion to reconsider is not a vehicle to reargue theories previously advanced and rejected. Id. By contending that their state-law claims are not preempted by ERISA, plaintiffs are, essentially, rearguing a claim

that the court considered and found unpersuasive for the reasons stated at the March 3, 2014 hearing.

In view of the foregoing, Plaintiffs' Motion to Reconsider Order of Dismissal (Docket No. 34) is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE